| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>DANNY ROBLES,<br><br>                    Plaintiff,<br><br>     -against-<br><br>THE CITY OF NEW YORK, CAPTAIN<br>N. WILLIAMS, CAPTAIN M. WILLIAMS,<br>CAPTAIN S. DUNBAR, C.O. W. RAMOS,<br>C.O. R. RIVERA and C.O.s "JOHN DOE" #1-5<br>(said names being fictitious, as the true names<br>are presently unknown), Individually and in<br>their Official Capacities.<br><br>                    Defendants.<br>------------------------------------------------------------X | KR9774<br><br><br><br><br><br>**AMENDED COMPLAINT**<br>**AND DEMAND FOR**<br>**JURY TRIAL**<br><br>07 CV 3664 (TPG) (GWG) |

     Plaintiff, DANNY ROBLES, by his attorney, K. E. Richman, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, CAPTAIN N. WILLIAMS, CAPTAIN M. WLLIAMS, CAPTAIN S. DUNBAR, CORRECTION OFFICER W. RAMOS, CORRECTION OFFICER R. RIVERA and CORRECTION OFFICERS "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Correction Officers of the City of New York Department of Correction, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

1

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. At all times relevant hereto, Plaintiff, an African-American/Puerto Rican male, was an inmate of Riker's Island Security Prison.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the City of New York Department of Correction, which employs the other named Defendants.

9. At all times relevant to this action, Defendants CAPTAIN N. WILLIAMS, CAPTAIN M. WLLIAMS, CAPTAIN S. DUNBAR, C.O. W. RAMOS, C.O. R. RIVERA and C.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were correction officers employed by the City of New York Department of Correction (hereinafter, "DOC"), and acting under color of state law.

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the DOC and NYC, pursuant to their authority as employees, servants and agents of the DOC within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the correction officers, sergeants and/or employees of the DOC.

## FACTS

12. In March of 2007, Plaintiff, DANNY ROBLES, was incarcerated at Riker's Island, C-95, 18-18 Hazen St., East Elmhurst, NY 11370.

13. On March 27, 2007, on or about 6:00 p.m., Defendants CAPTAIN N. WILLIAMS (Shield #127), CAPTAIN M. WILLIAMS (Shield #820) and C.O. W. RAMOS (Shield

#14194) assaulted Plaintiff, DANNY ROBLES, in the prison's intake section at the AMKC facility at Riker's Island.

14. Without provocation, Plaintiff was assaulted by way of CAPTAIN M. WILLIAMS and C.O. W. RAMOS physically restraining Plaintiff, while CAPTAIN N. WILLIAMS attacked Plaintiff with a nightstick as his arms, neck and leg were stomped upon.

15. As a result of this assault, Plaintiff sustained facial injuries to his upper front lip, bruising and scratch marks to his upper extremities, lacerations on his torso and forearm, and discoloration to his lower extremities, namely his lower leg/ankle area.

16. Two days later, on March 29, 2007, on or about 1:30 a.m., while Plaintiff was receiving medical attention for the injuries sustained on March 27, 2008, he was assaulted in the main clinic of Riker's Island by CAPTAIN S. DUNBAR (Shield #717) and C.O. RIVERA (Shield #15700). Without provocation, both Defendants smacked Plaintiff and spit in Plaintiff's face.

17. Defendants CAPTAIN S. DUNBAR and C.O. R. RIVERA, threatened Plaintiff with certain consequences if he sought recourse for the incident on March 27, 2007.

18. As a result of being assaulted a second time on March 29, 2007, Plaintiff sustained a facial laceration on the left pectoral area.

19. Subsequent to the incident on March 29, 2007, the DOC separated the Plaintiff from the general prison population and placed him into the mental observation unit strictly as a punitive measure.

20. Pursuant to The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), Plaintiff exhausted all administrative remedies by filing two (2) grievances at Rikers Island, C-95, 18-18 Hazen Street, East Elmhurst, NY 11370. These two (2) grievances were filed

contemporaneously with the above-described incidents on March 27, 2007 and March 29, 2007, respectively. Plaintiff never received a response to said grievances, nor granted a right to appeal.

21. Based upon information and belief, Plaintiff filed a Notice of Claim in a timely fashion; however, no hearing pursuant to General Municipal Law Section 50-H was ever conducted in this matter.

22. At least thirty (30) days have elapsed since said demand and/or claim, which this action is in part predicated upon, was presented to the NYC for adjustment and the NYC has neglected and/or refused to adjust and/or make payment.

**FIRST CLAIM FOR RELIEF:**
**<u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>**

23. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 22 with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

25. All of the aforementioned acts deprived Plaintiff, DANNY ROBLES, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as correction officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the DOC, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

29. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to use excessive force in dealing with the Plaintiff, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

**THIRD CLAIM FOR RELIEF:**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

34. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, negligent, unconscionable and unprovoked.

35. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, bruising and swelling about his body.

36. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

**FOURTH CLAIM FOR RELIEF:**
**ASSAULT**

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. By the actions described above, the individual Defendants intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

39. As a consequence thereof Plaintiff, DANNY ROBLES, has been injured.

7

## FIFTH CLAIM FOR RELIEF:
## BATTERY

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41. By the actions described above, Defendants intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner.

42. As a consequence thereof Plaintiff, DANNY ROBLES, has been injured.

## SIXTH CLAIM FOR RELIEF:
## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION IN VIOLATION OF THE UNITED STATES CONSTITUTION

43. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 42 with the same force and effect as if fully set forth herein.

44. As described above, Defendants acted with deliberate indifference to Plaintiff's serious medical needs, by among other things, failing to subsequently treat Plaintiff, despite Plaintiff's serious medical needs.

45. Defendants consciously disregarded the serious medical risk posed by Plaintiff's injuries by, among other things, failing to provide essential emergency treatment and by failing to allow Plaintiff to remain on the medical unit as required by the Plaintiff's medical condition.

46. As a consequence thereof Plaintiff, DANNY ROBLES, has been injured.

**SEVENTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY**

47. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 46 with the same force and effect as if fully set forth herein.

48. Defendants CAPTAIN N. WILLIAMS, CAPTAIN M. WLLIAMS, CAPTAIN S. DUNBAR, C.O. W. RAMOS, C.O. R. RIVERA and C.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), assaulted Plaintiff, DANNY ROBLES, despite a complete lack of cause against him, notwithstanding their knowledge that said assault would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

49. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as correction officers and officials, with the entire actual and/or apparent authority attendant thereto.

50. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as correction officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the DOC, all under the supervision of ranking officers of said department.

51. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the DOC included, but were not limited to, initiating and continuing disciplinary measures without evidence of criminal activity.

52. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the DOC constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, DANNY ROBLES.

53. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the DOC were the direct and proximate cause of the constitutional violations suffered by Plaintiff DANNY ROBLES as alleged herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the DOC were the moving force behind the constitutional violation suffered by Plaintiff, DANNY ROBLES, as alleged herein.

55. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff, DANNY ROBLES.

56. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate correction officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

57. Defendant NYC, as municipal policymaker in the training and supervision of Defendant correction officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth,

Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

58. All of the foregoing acts by Defendants deprived Plaintiff, DANNY ROBLES, of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. Not to have cruel and unusual punishment imposed upon him; and

    e. To receive equal protection under the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

    4.  Such other and further relief as this Court seems just and proper.

DATED:    New York, New York
               June 5, 2008

                                      Respectfully submitted,

                                      _____
                                      K. E. RICHMAN, ESQ. (KR9774)

                                      K. E. Richman
                                      *Attorney for Plaintiff*
                                      Law Office of K. E. Richman LLP
                                      230 Park Avenue, Tenth Floor
                                      New York, NY 10169
                                      (212) 687-8291